FILED

SEP 10 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TIMOTHY ERIC RITESMAN, | Cause No. CV 19-114-M-DLC-KLD |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This case comes before the Court on state pro se petitioner Timothy Eric Ritesman's application for writ of habeas corpus under 28 U.S.C. § 2254. Because the procedural posture of the claims contained in the petition were unclear, Ritesman was directed to file an amended petition addressing the issue of exhaustion and explaining the status of his state collateral proceedings. (Doc. 2 at 2.) Ritesman complied and filed an amended petition. (Doc. 11.)

i.  **Procedural History**

Following a jury trial in Montana's Fourth Judicial District, Missoula County, Ritesman was convicted of Aggravated Assault and Violation of a No-

1

Contact Order. Written judgment was entered on May 25, 2016. Ritesman received a fifteen-year prison sentence, with seven of the years suspended for the Aggravated Assault. *Id.* The six-month sentence for the misdemeanor no contact order violation was ordered to run concurrently to the prison sentence.

Ritesman timely filed a direct appeal and argued that the prosecutor deprived him of a fair trial based upon argument presented in her closing argument and that the conditions of release in an unrelated misdemeanor Partner Family Member Assault were not sufficient to support a conviction for violating a no-contact order. On March 20, 2018, the Montana Supreme Court affirmed the Aggravated Assault conviction and reversed the Violation of a No-Contact Order conviction. *State v. Ritesman*, 2018 MT 55, 390 Mont. 399, 414 P. 3d 261.

Ritesman previously filed a petition with this Court, but because Ritesman still had state remedies available to him, his petition was dismissed without prejudice as unexhausted. See, *Ritesman v. Salmonsen*, CV-18-93-M-DLC, Judg. (entered July 12, 2018).

    ii.    **Ritesman's Claims**

In his amended petition Ritesman alleges: (1) trial counsel provided ineffective assistance in various ways, (Doc. 11 at 3, ¶ 15(A)(1); (2) the charging document alleging Ritesman violated a no-contact order was illegal, *id.* at 4, ¶ 15(B)(1); (3) the prosecution engaged in misconduct, *id.* at 5, ¶ 15(C)(1); (4)

2

appellate counsel performed deficiently, *id.* at 6, ¶ 15(D)(1); (5) trial counsel failed to perform an adequate investigation, *id.* at 8-10; (6) trial counsel's ineffective assistance resulted in a due process violation, *id.* at 10; (7) trial counsel failed to impeach the alleged victim, *id.* at 11; (8) trial counsel performed inadequately during pre-trial motion proceedings and in preparation of the jury instructions, *id.* at 11-14; (9) the state failed to weigh the victim's credibility and improperly bolstered her testimony by use of an expert witness, *id.* at 15; (10) trial counsel performed deficiently during voir dire, *id.* at 15-16; and, (11) the trial judge was biased. *Id.* at 16-17.

Ritesman asks this Court to order a new trial or, alternatively, conduct a hearing on his newly discovered evidence. *Id.* at 7, ¶ 18. Additionally, Ritesman requests he be immediately released, his sentence be vacated, and that all charges be expunged from his record. *Id.*

### iii. Exhaustion/State Postconviction Proceedings

In his amended petition, Ritesman has expressed confusion regarding the status of his state postconviction (PCR) proceedings. Ritesman explains that he has received no response to his PCR petition, but he is aware that the presiding judge, Hon. Leslie Halligan, apparently recused herself, and the case was subsequently transferred to Hon. John Larson, and then to Hon. Robert Deschamps. *See*, (Doc. 11 at 3, ¶ 13); *see also*, *Id.* at 5, ¶ 15(B)(5), (C )(5); 6, ¶

3

15(D)(3).

Following a review of the state court docket,[1] the Court understands Ritesman's confusion. As explained by Ritesman, the PCR matter has been transferred from Judge Halligan, to Judge Larson, to Judge Deschamps. On August 1, 2019, the Montana Supreme Court ordered retired District Court Judge Ed McLean to preside over the proceedings.[2]

On August 22, 2019, Hon. Ed McLean issued a preliminary administrative order addressing "seven issues necessary for the efficient and fair adjudication" of Ritesman's PCR petition. See, *Ritesman v. State*, DV-18-829, Or. (filed Aug. 22, 2019).[3] It appears Mr. Ritesman may presently be represented by the Office of the State Public Defender (OPD). The OPD was directed to either provide a status report or file a motion to withdraw from Ritesman's representation within 30 days of the court order. *Id.* at 3-4. Following a filing from the OPD, the parties were advised the district court would then issue a scheduling order addressing discovery and setting deadlines for the State's response to Ritesman's petition and for

---

[1] This Court may take judicial notice of proceedings, including orders and filings, in other federal and state courts when related to the case at hand. See, *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011).
[2] For purposes of clarity a copy of the docket report for Missoula County District Court matter, *Ritesman v. State*, DV-18-829, will be filed into the record in this matter.
[3] The Clerk of Court will also be directed to file a copy of this order into the record.

4

Ritesman's reply. *Id.* at 4.

Thus, as evidenced by the ongoing nature of his state PCR proceedings, much like his prior federal habeas petition, Ritesman's claims in the present petition remain unexhausted.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

Because Ritesman has not yet exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Ritesman may return to this Court if and when he fully exhausts the claims relative to his conviction and current custody in the

5

state court system.

### iv. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Ritesman has not made a substantial showing that he was deprived of a constitutional right. Further, there are no close questions and because Ritesman's petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

In relation to Ritesman's state PCR proceedings, *Ritesman v. State*, DV-18-829, the Clerk of Court is directed to file a copy of both the state court docket report and the the August 22, 2018, Order into the record. Copies of both documents shall also be provided to Ritesman along with the service copy of this Order and Findings and Recommendations.

## RECOMMENDATION

1. The Amended Petition (Doc. 11) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Ritesman may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Ritesman is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

<u>Ritesman must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 10th day of September, 2019.

                                                 */s/ Kathleen L. DeSoto*
                                                 Kathleen L. DeSoto
                                                 United States Magistrate Judge